# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Blanche M. Manning | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 7406 | **DATE** | December 8, 2011 |
| **CASE TITLE** | *Neal, et al v. United States* | | |

**DOCKET ENTRY TEXT**

For the reasons stated below, the motion to remand [8-1] is denied. The motion to dismiss [6-1] is denied without prejudice. The government is directed to file no later than December 16, 2011, a response to the plaintiffs' argument challenging the scope of employment issue as it relates to Diez. Any reply is due no later than December 30, 2011. In their filings, the parties shall discuss whether an evidentiary hearing is necessary, and if so, whether the plaintiffs have met their burden of demonstrating a genuine issue of material fact regarding the scope of employment issue. Once the court has reviewed the parties' filings, it will determine whether an evidentiary hearing will be held.

■[ For further details see text below.]

00:00

## STATEMENT

Plaintiffs Robert Neal and Angela Cotton filed a civil action in the Circuit Court of Cook County alleging slander and libel against Deborah Diez. According to the plaintiffs. Diez made false allegations of sexual harassment against them. Because Diez is a federal employee, the United States removed the case and the Attorney General's designee certified pursuant to 28 U.S.C. § 2679 that the defendant was acting within the scope of her employment. Thus, the United States was substituted in as the defendant in Diez's place.

The government then moved to dismiss the complaint on the ground that the plaintiffs failed to exhaust their administrative remedies prior to filing a tort claim, as required by the Federal Tort Claims Act. Soon after, the plaintiffs moved to remand the case to state court on the ground that the government's determination that the defendant was acting within the scope of her employment was improper. The court stayed consideration of the government's motion to dismiss pending a ruling on the motion for remand. Although the plaintiffs have not yet filed a reply brief in support of their motion for remand, the court concludes that a reply is unnecessary.

For the reasons stated below, the motion to remand [8-1] is denied. The motion to dismiss [6-1] is denied without prejudice. The government is directed to file no later than December 16, 2011, a response to the plaintiffs' argument challenging the scope of employment issue as it relates to Diez. Any reply is due no later than December 30, 2011. In their filings, the parties shall discuss whether an evidentiary hearing is necessary, and if so, whether the plaintiffs have met their burden of demonstrating a genuine issue of material fact regarding the scope of employment issue.

# STATEMENT

**Background**

As noted above, the plaintiffs filed this case in state court. Upon the United States' certification by the Attorney General's delegate that Diez was acting within the scope of her federal employment when she made the allegedly slanderous comments, the United States removed the case to this court pursuant to the Westfall Act, 28 U.S.C. § 2679. The Westfall Act "accords federal employees absolute immunity from common-law tort claims arising out of acts they undertake in the course of their official duties." *Osborn v. Haley*, 549 U.S. 225, 225 (2007). Title 28 U.S.C. § 2679(d)(2) states that:

> Upon certification by the Attorney General that the *defendant employee was acting within the scope of his office or employment* at the time of the incident out of which the claim arose, any civil action or proceeding commenced upon such claim in a State court shall be removed without bond at any time before trial by the Attorney General to the district court of the United States for the district and division embracing the place in which the action or proceeding is pending. Such action or proceeding shall be deemed to be an action or proceeding brought against the United States under the provisions of this title and all references thereto, and the United States shall be substituted as the party defendant. This certification of the Attorney General shall conclusively establish scope of office or employment for purposes of removal.

*Id.* (emphasis added).

At the same time, and again pursuant to § 2679(d)(2), the United States was substituted as the defendant in place of Diez. "[S]ubstitution of the United States as the exclusive defendant under the Westfall Act confers immunity on the defendant employee." *Taboas v. Mlynczak*, 149 F.3d 576, 580 (7th Cir. 1998). If the United States' substitution was proper, then the plaintiffs have no individual claims against Diez and they must proceed against the United States under the Federal Tort Claims Act ("FTCA").

The government filed a motion to dismiss asserting that the plaintiff had failed to exhaust her administrative remedies under the FTCA. In response, the plaintiff, through the instant motion to remand, challenged the government's assertion that Diez was acting within the scope of her employment such that certification and substitution by the United States was proper.

**Analysis**

As noted by the government, its certification that Diez was acting within the scope of her employment conclusively establishes scope of employment for removal purposes. *Osborn,* 549 U.S. at 242. Accordingly, the motion to remand is denied.

Nevertheless, the scope of employment issue may still be challenged by the plaintiffs, just not for purposes of challenging removal. *Taite v. Morin*, 521 F. Supp.2d 141, 142 (D.N.H. 2007) ("While a district court cannot reverse the removal itself, the court can reverse the Attorney General's scope of employment certification.") (citation omitted). Indeed, the Supreme Court has interpreted the Westfall Act to allow a plaintiff to challenge the scope of employment determination by the Attorney General. *Gutierrez de Martinez v. Lamagno*, 515 U.S. 417, 434 (1995) ("[T]he Attorney General's certification that a federal employee was acting within the scope of his employment-a certification the executive official, in cases of the kind at issue, has a compelling interest to grant-does not conclusively establish as correct the substitution of the United States as defendant in place of the employee"). If the plaintiffs successfully challenge the government's

scope of employment determination, they may proceed against Diez in her individual capacity. *Godbout v. Parizek*, 03 C 2879, 2004 WL 442601, at *3 (N.D. Ill. Feb. 9, 2004)(If [the plaintiff's] challenge [to the scope of employment issue] is successful, then [the individual defendant] will be re-substituted as the defendant, and the suit will proceed against him in his individual capacity in this court, subject to a review of subject matter jurisdiction.")(citation omitted). However, "the challenging party carries the burden of proving the certification was made in error." *Carlson v. Hood*, No. 04 C 7937, 2005 WL 3005617, at *1 (N.D. Ill. Nov. 7, 2005)(*citing United States v. Jarrett*, 133 F.3d 519, 540 (7th Cir. 1998)).

"[T]he factual determination of whether or not the defendant employee was entitled to immunity under the FTCA must be decided by the district court as early in the proceedings as possible." *Taite*, 521 F. Supp.2d at 142-43 (citation omitted). As noted by the Supreme Court, judges have a "greater factfinding role in Westfall Act cases than they traditionally have in other immunity contexts." *Osborn,* 549 U.S. at 253 n.18. Indeed, "[w]hen Westfall Act immunity is in dispute, a district court is called upon to decide who the proper defendant is: the named federal employee, or the United States." *Id*. Under certain circumstances, the court may be required to hold an evidentiary hearing in order to ascertain whether the Attorney General's scope of employment certification was proper. *Taite*, 521 F. Supp.2d at 143 (noting that the district court held an evidentiary hearing "to determine the accuracy of the Attorney General's scope-of-employment certification").

However, "the party challenging the certification must provide 'something more than conclusory abstractions' in order to obtain such a hearing." *Murrietta v. Banner Health System*, No. CV-06-371-PHX-DGC, 2006 WL 1663236, at *2 (D. Ariz. Jun. 9, 2006) *(citing Day v. Massachusetts Air National Guard*, 167 F.3d 678, 686 (1st Cir. 1999)). *See also Ware v. Doane,* 227 F. Supp.2d 169, 173 (D. Me. 2002) ("To [challenge the certification], the plaintiff must make an evidentiary proffer capable of generating a genuine issue of material fact as to whether the defendant was acting outside the scope of his or her employment. Only if the plaintiff succeeds in this task will a hearing be afforded.") (citation omitted). "Ultimately, 'the party seeking review bears the burden of presenting evidence and disproving the Attorney General's decision to grant or deny scope of employment certification[.]'" *Id*. (*quoting Green v. Hall*, 8 F.3d 695, 698 (9th Cir. 1993)).

Under Illinois law, "[t]he following criteria in the Restatement (Second) of Agency are recognized in determining whether an employee's acts are within the scope of employment:

> (1) Conduct of a servant is within the scope of employment if, but only if:
>> (a) it is of the kind he is employed to perform;
>> (b) it occurs substantially within the authorized time and space limits;
>> (c) it is actuated, at least in part, by a purpose to serve the master * * *[.]
>
> * * *
>
> (2) Conduct of a servant is not within the scope of employment if it is different in kind from that authorized, far beyond the authorized time or space limits, or too little actuated by a purpose to serve the master."

**STATEMENT**

*Williams ex rel. Beaton v. Ingalls Memorial Hosp.*, 944 N.E.2d 421 (Ill. App. Ct. 2011) (internal citations and quotation marks omitted).

The plaintiffs contend that the government's scope of employment determination "is untenable under any rational definition of the term." Motion for Remand at 1, Dkt. #8. Specifically, they argue that "[t]he government cannot rationally maintain that Defendant's assertion of false allegations against other employees is within the scope of her employment or furthers the business of the government." *Id*.

The government is directed to file no later than December 16, 2011, a response to the plaintiffs' argument challenging the scope of employment issue as it relates to Diez. Any reply is due no later than December 30, 2011. In their filings, the parties shall discuss whether an evidentiary hearing is necessary, and if so, whether the plaintiffs have met their burden of demonstrating a genuine issue of material fact regarding the scope of employment issue. Once the court has reviewed the parties' filings, it will determine whether an evidentiary hearing will be held.